HICKEY ET AL. *vs.* SMITH, HUBBARD & CO.

An obligation for costs must be under seal.

DEBT, by Smith, Hubbard & Co., against Hickey and others, determined in Pope Circuit Court, in October, A. D. 1841, before the Hon. RICHARD C. S. BROWN, one of the Circuit Judges.

An instrument, stating the plaintiffs to be non-residents, was filed, before suing out the writ, in the form of a bond for costs in every way, except that it was not *sealed*. At the return term, the defendants moved to dismiss the case, for want of a bond for costs, and offered to prove, by a witness, that the plaintiffs were non-residents; but the Court overruled the motion, because it was not reduced to writing, and sworn to, or proven, like a plea in abatement, before it was submitted. They then filed a motion, sworn to; but the Court held that it came too late, and refused to receive it. The defendants made no fur-

Frazier et al.*vs.*Fortenberry.

ther defence; and judgment went against them, from which they appealed.

*Linton*, for the appellant.

*Gilchrist & Evans*, contra.

*By the Court*, LACY, J.

The statute requires that a non-resident plaintiff shall, before he institutes his suit, cause an obligation to be filed; and it surely requires no argument, to show that an obligation must be sealed. The instrument filed in this case, is not sealed, and, therefore, deficient in one of its most important requisites. The term obligation, as here used, must be taken in its common-law definition. The statutes of this State make no difference between sealed and unsealed instruments, as regards their evidence and consideration. The only material difference that we are aware of, arises upon the statute of limitations; unsealed instruments being barred in three years from the time the cause of action arises; sealed instruments, in five years.

The motion to dismiss ought to have been sustained.

Judgment reversed.